## ESTABLISHING GUILT BY INFERENCE.

Circuit Court of Fulton County.

BENJAMIN E. HINZ v. STATE OF OHIO.*

Decided, November 11, 1911.

*Criminal Law—Prosecution for Soliciting by Mail—Orders in Dry Territory for Intoxicating Liquor—Inference as to Knowledge of Manager—That Trade Circulars Are Being Sent Out from His Office—Effect of Silence When Confronted by Such Evidence.* .....

The inference may reasonably be drawn that the manager or person in charge of an office, from which emanate letters or circulars soliciting trade, has knowledge of such solicitation and is responsible therefor; and where such an inference as to the solicitation by mail in "dry" territory of orders for intoxicating liquors was not modified or rebutted by evidence, and the defendant remained silent when confronted by evidence of that character, a reviewing court is not justified in holding that a finding of guilty by the court below was so clearly against the weight of the evidence as to require a reversal of the judgment.

*Ben W. Johnson,* for plaintiff in error.

*J. B. Templeton,* Prosecuting Attorney, and *J. A. White,* contra.

WILDMAN, J.; KINKADE, J., and RICHARDS, J., concur.

The plaintiff in error, Benjamin E. Hinz, was convicted before George B. Heise, mayor of the village of Wauseon in this county; after a trial before him, of soliciting orders for the sale of intoxicating liquors within said county by means of a communication sent by mail by the said Benjamin E. Hinz from Toledo, Ohio, to one J. C. Paxson, the complaining witness, on or about March 29th, 1911, the sale of intoxicating liquors as a beverage being at that time prohibited and unlawful in said county. The prosecution and conviction were under Section 13223 of the General Code of Ohio. Said conviction and the

---

* Affirmed by the Supreme Court without opinion, *Hinz* v. *State of Ohio,* 86 Ohio State, page —.

sentence of said mayor thereon were affirmed by the court of
common pleas in proceedings in error instituted therein. To
reverse the judgment of affirmance this proceeding is pending
before us.

Numerous questions were raised in the trial court by the de-
fendant there, and exceptions taken to rulings, but the conten-
tions of vital importance and the ones calling for most careful
and serious consideration by us are those relating to the guilt
or innocence of the defendant of the matters involved in the ac-
cusation against him. There seems no question under the evi-
dence submitted to the trial court that the section referred to
had been violated by the distribution of printed matter in the
village of Wauseon while the sale of intoxicating liquors as a
beverage was unlawful; but that the defendant was implicated
in such soliciting, either directly or indirectly, is disputed, and
upon the issue so raised evidence was offered in the trial court
by both state and defendant. It is earnestly urged by the
plaintiff in error that the finding by the mayor is so clearly
against the weight of the evidence that it should not stand.

The evidence is largely circumstantial. The testimony of
Mr. Paxson discloses the receipt by him from the post office at
Wauseon of a printed circular letter, over the printed signature
of the Schlitz Brewing Company, soliciting orders for beer man-
ufactured or furnished by said company. By instruction in this
letter, orders if given, were to be sent to a street address in the
city of Toledo, at which address, as the testimony discloses, was
an office of said brewing company, occupied and conducted by
said Hinz as the manager thereof or local agent of said company,
there being no evidence indicating that said company had any
other office or place of business in said city of Toledo. The
communication so received by Mr. Paxson enclosed a price list
of beer manufactured by said company, and order blank di-
rected to said company at its said office in Toledo, from which
address any orders were to be filled. The envelope containing
this communication bore the Toledo postmark. Soon after the
defendant's arrest and while in charge of Sheriff Fred Grandy,
of Fulton county, he volunteered certain statements to Grandy,
as testified to on the trial by the latter, with reference to the

soliciting of business in so-called dry territory. I will not attempt to detail the language said to have been used by him, but in substance he stated, as asserted by Grandy, that he had refused personally to solicit business in sporting houses or territory where the sale of liquor was prohibited or to send men into such territory or to such places, but that he had consented to the sending to some persons, whose names he does not appear to have disclosed, of solicitations for business in dry territory. Other evidence was offered upon both sides, but I will not attempt its review.

In view of all the facts disclosed, whatever might be our conclusions as to the guilt or innocence of the defendant, were we sitting as a trial court, we do not feel justified in holding that the finding of the mayor is so clearly against the evidence or its weight as to justify a reversal. As a general inference, reasonably to be drawn from our observation of the conduct of business, we think it may fairly be said that the manager or person in charge of an office through which passes or from which emanates letters or circulars soliciting trade, has knowledge of such solicitation and is responsible therefor. This inference is, of course, open to qualification or rebuttal by evidence, but in the absence of evidence which the trial court was bound to believe a finding in accordance with such principle would be justified under the facts in this case. While there was evidence offered by the defendant in a deposition of one Abrams, a manager of agencies for the brewing company, it contained so many reservations of facts, the witness declining to answer upon the ground as given that the answer might tend to criminate himself, and the statements were in other respects, many of them, so vague and general, that we can not say that the trial court was not justified in disbelieving the testimony of said witness and rejecting it from consideration. Hinz himself attempted no other or further explanation of the matter involved in the charge against him than as I have already stated. While no presumption can be drawn against him from the fact that he did not testify upon the witness stand while on trial, the fullest opportunity was apparently afforded him to enter into any desired explanation or detail as to the matter of accusation against him when in the

conversation with the sheriff. In view of this fact we see no reason why the ordinary principle should not apply, that inferences may be legitimately drawn against one from his silence or unreasonable or inadequate statements when called upon, by circumstances or questions, to explain his conduct. A like inference is properly drawn from the refusal or neglect to produce in court evidence available to one in his defense.

A not inapt illustration of this general principle is found in the rule asserted in *Methard* v. *State*, 19 O. S., 363, and repeatedly announced in other adjudications in this and other states, that an inference of guilt may be drawn from the unexplained possession of stolen goods soon after the commission of the larceny. Such a presumption or inference is, of course, not indisputable, but one which may fairly be applied under proper circumstances in the absence of adequate rebutting or explanatory evidence.

As to the various other matters urged by counsel for plaintiff in error as ground for reversal, we deem it sufficient to say that we find no errors in the record justifying the setting aside of the evidence of the trial court and the reversal of the sentence. The judgments of the mayor and the common pleas court are affirmed.